Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
Megan E. Ross (SBN 227776)
mross@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California  91101
Tel:  (626) 795-4700
Fax: (626) 795-4790

Attorneys for Defendant
ROADRUNNER TRANSPORTATION SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ, on behalf of himself and all others similarly situated,<br><br>             Plaintiff,<br><br>     v.<br><br>ROADRUNNER TRANSPORTATION SERVICES, INC., a Delaware Corporation,<br><br>             Defendants. | CASE NO. _____<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendant Roadrunner Transportation Services ("Roadrunner"), hereby removes this case from the Superior Court of the State of California, County of San Francisco, to the U.S. District Court for the Northern District of California. In support of this removal, Defendant states the following:

**1.    The Action**. Plaintiff Fernando Gomez filed his Complaint for Damages and Demand for Jury Trial, captioned *Fernando Gomez, on behalf of himself and all others similarly situated v. Roadrunner Transportation Services, Inc. a Delaware Corporation*, Case No. CGC-18-571755 (the "Complaint"), in the Superior Court of San Francisco County, California, on December 3, 2018. The Complaint asserts causes of action for (1) Misclassification of Employees as Independent Contractors; Failure to

Pay Overtime Wages; (2); Misclassification of Employees as Independent Contractors; Failure to Provide Meal Periods; (3); Misclassification of Employees as Independent Contractors; Failure to Provide Rest Periods; (4); Misclassification of Employees as Independent Contractors; Failure to Provide Accurate Itemized Wage Statements; (5) Misclassification of Employees as Independent Contractors; Failure to Pay Wages Upon Termination of Employment; and (6) Unfair Business Practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq*. Copies of all the pleadings and papers filed in the Superior Court of San Francisco County, California of which Defendants are aware are attached as *Exhibit A*.

**2.     Statutory Grounds for Removal.** This action is removable under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1453. 28 U.S.C. § 1441(a) provides for the removal of state court civil actions over which U.S. District courts have original jurisdiction. As is explained in greater detail below, this Court has original jurisdiction over this case under 28 U.S.C. § 1332(d)(2)(A) because this is a class action in which the proposed class includes at least 100 members, the amount in controversy exceeds $5,000,000 exclusive of interest and costs, and at least one putative class member is a citizen of a state different from one of the Defendants. As such, this action is subject to removal pursuant to 28 U.S.C. § 1453, which provides that a class action may be removed to federal court in accordance with 28 U.S.C. § 1446.

**3.     Class Action.** This case is a class action within the meaning of 28 U.S.C. §§ 1332(d)(2) and 1453. Those statutes provide that a class action is a civil action filed under either Fed. R. Civ. P. 23 or a similar state statute or rule that authorizes one or more representative persons to maintain a class action. *Id.* In this case, Plaintiffs filed their Complaint in a California state court and seek certification under Cal. Code of Civ. P., § 382, which authorizes representative actions. *Compl.*, ¶ 10; 28 U.S.C. § 1332(d)(1)(B).

**4.     Citizenship of the Parties.** Plaintiff alleges he is a resident and therefore a citizen of California. *Compl.*, ¶ 5.

Roadrunner is not a citizen of California. Roadrunner is a Delaware Corporation with its principal place of business in Wisconsin. Thus, Roadrunner is a citizen of both Delaware and Wisconsin. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) ("'[P]rincipal place of business' is . . . the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination.").

Thus, Plaintiff and Defendants are citizens of different states, and the diversity requirement of 28 U.S.C. §§ 1332(d)(2)(A) is satisfied.

**5.   The Aggregate Number of Proposed Class – 28 U.S.C. §§ 1332(d)(5)(B).** Plaintiff defines his proposed classes as follows:

"All persons who are employed or have been employed by Defendants in the State of California who, within the four (4) years of the filing of this Complaint, have worked as non-exempt truck drivers and were not paid all lawful wages as regular time, overtime, and double-regular time.

a) All persons who are employed or have been employed by Defendants in the State of California who, within the four (4) years of the filing of this Complaint, have worked as non-exempt truck drivers and have not been provided an off-duty meal periods or one (1) hour's pay in lieu thereof, in violation of California Labor Code §§226. 7 and 512;

b) All persons who are employed or have been employed by Defendants in the State of California who, within the four (4) years of the filing of this Complaint, have worked as non-exempt truck drivers and have not been provided a rest period for every four (4) hours or major fraction thereof worked per day, off-duty meal periods or one (1) hour's pay in lieu thereof, in violation of California Labor Code §§226. 7 and 512;

3

DEFENDANT'S NOTICE OF REMOVAL

c) All persons who are employed or have been employed by Defendants in the State of California who, within the four (4) years of the filing of this Complaint, have worked as non-exempt truck drivers and have been terminated or resigned, that have not been paid wages pursuant to Labor Code section 203 and are owed restitution for waiting time penalties for unpaid wages;

d) All persons who are employed or have been employed by Defendants in the State of California who, within the four (4) years of the filing of this Complaint, have worked as non-exempt truck drivers and were not paid all wages owed, including but not limited to overtime;

e) All persons who are employed or have been employed by Defendants in the State of California who, within the four (4) years of the filing of this Complaint, have worked as non-exempt truck drivers and were not provided an accurate payroll record as required under Labor Code 226 and Labor Code Section § 1174;

f) All persons who are employed or have been employed by Defendants in the State of California who, within the four (4) years of the filing of this Complaint, have worked as non-exempt truck drivers who have been subjected to unlawful and unfair business practices within the meaning of Unfair Competition Law and who suffered injury, including lost money, as a result of Defendants' unlawful and unfair business practices." *Compl.*, ¶ 18.[1] Based on Defendant's records, Roadrunner contracted with approximately 666 California residents as independent contractor truck drivers between

---

[1] In calculating the number of putative class members, Defendants did not consider the fail-safe portion of Plaintiff's proposed definition, nor do they concede that any driver was misclassified. Specifically, Defendants only considered "All persons who performed services for Defendants in the State of California who, within the four (4) years of the filing of this Complaint, have worked as truck drivers." Defendants do not admit any liability to Plaintiff or the class he seeks to represent and do not admit that any drivers met or meet any other part of Plaintiff's proposed definitions.

December 3, 2014 and January 8, 2019. The aggregate number of the proposed class therefore contains more than 100 members and exceeds the number required by 28 U.S.C. § 1332(d)(5)(B).

**6.      Amount in Controversy – 28 U.S.C. § 1332(a) and (d)(2).** Although Defendants deny all of Plaintiff's material allegations, including that any of Plaintiff's claims are subject to a four-year statute of limitations, the amount in controversy by virtue of the claims asserted by Plaintiff in the Complaint exceeds the $5,000,000 jurisdictional threshold under 28 U.S.C. § 1332(d). Specifically, Plaintiff alleges that the putative class members "consistently worked over 6 hours" without receiving legally compliant meal periods, and "consistently worked over 4 hours" without receiving legally compliant rest periods. *Compl.*, ¶¶28, 35. There are 69,388 weeks worked by truck drivers in the state of California in the period from December 3, 2014 to May 16, 2019. At the 2014 minimum wage of $9 per hour, if putative class members allege just three missed meal periods per week, the claim is for $1,873,483.71. Similarly, if putative class members allege just three missed rest periods per week, the claim is for $1,873,483.71.

Plaintiff alleges that all terminated putative class members are owed waiting time penalties. *Compl.*, ¶58. There are at least 250 drivers who ceased performing services between December 3, 2015 and January 8, 2019. Waiting time penalties are calculated at 30 days of pay pursuant to California Labor Code Section 203. At the 2014 minimum wage of $9 per hour, this equates to $540,000.

Finally, Plaintiff alleges that all pay stubs issued did not comply with California Labor Code Section 226. Damages for this claim are calculated at $50 for the first pay period, and $100 each pay period thereafter, up to a maximum of $4,000, with a statute of limitations of one year. The amount equates to $1,231,850.

The total amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(d) is therefore in excess of $5,518,817. This amount is greater than the $5,000,000 threshold required for removal under 28 U.S.C. § 1332(a) and (d)(2).

This amount also does not include other claims that Plaintiff asserts against Defendant that could not be precisely quantified at this early stage of litigation. Nor does it include attorney fees, which Plaintiff seeks, and which may be included in the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). In class action cases in California, prevailing plaintiffs have requested, and courts have awarded, attorney fees in the range of 25%-33% of the overall recovery. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491, 492 (E.D. Cal. 2010) (citing to five recent wage and hour cases where federal court judges approved fee awards that ranged from 30% to 33% and similarly approving percentage of the fund award of 33% to class counsel); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841, at *1-4 (E.D. Cal. Nov. 14, 2007) (approving award of 33% of common fund). Thus, Defendants anticipate Plaintiff will seek at least $1,379,704 in attorney fees alone (25% of the minimum amount in controversy) in addition to the $5,518,817 calculated above.

After fees, there is a total amount in controversy of at least $6,898,521. The jurisdictional threshold is met in this case.

**7.     Timeliness of Removal.** Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal must be filed within 30 days of receiving a copy of the complaint. The 30-day removal period is not triggered, however, where removability is not evident from the face of the complaint. In particular, the deadline for removal has not begun to run when, as here, removability can only be determined by performing "mathematic calculation[s]" using figures not specified in a complaint. *See Kuxhausen v. BMV Fin. Servs.*, 707 F.3d 1136, 1139-40 (9th Cir. 2013) (clock begins running only when the basis for removal is "revealed affirmatively in the initial pleading" (internal quotation marks omitted)).

Because the Complaint did not allege an amount-in-controversy and Defendant has not received a post-complaint pleading or other paper that affirmatively and unambiguously specified a damages amount sufficient to satisfy the federal jurisdictional minimums, the 30-day removal period has not commenced.

**8.** **Notice of Removal to Adverse Parties and to State Court Clerk.** Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of this removal to Plaintiff and to the Clerk of the Superior Court of San Francisco County, California. Specifically, promptly after filing this Notice of Removal, Defendant will send to Plaintiff and will file with the Clerk of the Superior Court of San Francisco County, California a Notice of Removal to Adverse Parties and State Court Clerk, a true and correct copy of which is attached as *Exhibit B*.

**9.** **No Waiver.** By filing this Notice of Removal, Defendant does not waive any available defenses.

WHEREFORE, Defendant respectfully removes this case to this Court.

Dated: May 20, 2019

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP

By: */s/ Megan E. Ross*
Megan E. Ross
Attorney for Defendant,
ROADRUNNER TRANSPORTATION SERVICES.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, **Derek R. Mitchell**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 460, Pasadena, California 91101.

On May 20, 2019, I served the foregoing document described as **DEFENDANT'S NOTICE OF REMOVAL** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Kevin Mahoney
Denny Aliazis
MAHONEY LAW GROUP, APC
249 E. Ocean Boulevard, Suite 814
Long Beach, California  90802

Telephone:  (562) 590-5550
Facsimile:   (562) 590-8400
kmahoney@mahoney-law.net
ekim@mahoney-law.net

√   **(BY MAIL)**  I deposited such envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

√   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_   **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

√   **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 20, 2019, at Pasadena, California.

*/s/ Derek R. Mitchell*
Derek R. Mitchell

4826-9160-6167, v. 4